**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5441-16T3

IN THE MATTER OF BRANDY
VALASA, MONMOUTH COUNTY
DEPARTMENT OF CORRECTIONS
AND YOUTH SERVICES.

_____

Argued September 17, 2019 – Decided October 4, 2019

Before Judges Hoffman and Currier.

On appeal from the New Jersey Civil Service Commission, Docket No. 2015-2274.

Steven Braun argued the cause for appellant (Patrick J. Caserta, attorney; Patrick J. Caserta on the briefs).

Steven W. Kleinman argued the cause for respondent Monmouth County Sheriff's Office (Cleary Giacobbe Alfieri Jacobs LLC, attorneys; Steven W. Kleinman, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Brandy Valasa, a Monmouth County Corrections Officer (CO), appeals from the July 17, 2017 final administrative action of the Civil Service Commission (CSC) finding she violated multiple rules and regulations pertaining to Monmouth County Sheriff's officers and County employees. We affirm.

The Monmouth County Correctional Institution (MCCI) is operated by the Monmouth County Sheriff's Office (MCSO). Appellant was assigned to a housing unit – K-pod – within the facility, specifically as a "panel officer." Her duties required her to oversee the control panel in the pod and communicate with other staff about situations arising in her pod. She therefore had access to the pod logbook. The charges assessed against appellant arose from her removal of the logbook from the pod and photocopying certain pages from it.

After Lieutenant David Betten was apprised that appellant had removed the logbook to make photocopies, he reviewed video recordings in the area where the incident occurred. In those recordings, Betten observed appellant concealing items under her sweater. He learned that appellant left her post, and requested keys from another officer to access the inmates' library. Appellant went into the library, closed the door behind her, and remained there for

approximately five minutes. When she came out, she again had items concealed under her sweater.

Betten, a supervisor, had been at MCCI for twenty years. He testified it was not standard procedure for a CO to remove the logbook. There were procedures to follow if the book needed to be replaced or if copies were needed for official business. This is because the logbook contained material the MCCI considered sensitive, including inmate medical information and reports of security concerns.

Betten communicated his findings to Principal Investigator Jeffrey Equils, who was in charge of the Internal Affairs unit at the facility. Equils met with appellant who admitted making copies of a page in the logbook and two inmate watch sheets. In her written statement, appellant stated she was concerned that an unnamed supervisor had made entries in the logbook of uncompleted tasks. If she were ever questioned, appellant stated she could document that certain tours were not made, even though they were logged in the book. Appellant denied any wrongdoing.

At the time of these events, appellant's husband, also a CO at MCCI, was under investigation for falsifying documents and not conducting numerous tours. Appellant denied she had made the copies to help her husband.

3

Appellant was subsequently served with a preliminary notice of disciplinary action (PNDA), charging her with violating: N.J.A.C. 4A:2-2.3(a)(6) (conduct unbecoming a public employee) and (12) (other sufficient cause); MCSO Department of Corrections Rules and Regulations (3.20.030, 3.20.260, and 4.30.020); MCSO Department of Corrections Policy and Procedures (1-3.13); and Monmouth County Policy 701 regarding Employee Conduct and Work Rules. The MCSO recommended a ten-day suspension.[1]

Following appellant's administrative appeal, the CSC referred the matter to the Office of Administrative Law (OAL). The Administrative Law Judge (ALJ) issued a thorough written decision after a plenary hearing, concluding the charges had been sustained and a ten-day suspension was warranted. The CSC affirmed the decision in its Final Administrative Action.

When appellant requested a copy of the OAL transcript for her appeal to this court, she learned that a technical failure had prevented a recording of the hearing. The case was remanded to the OAL and the ALJ reconstructed the record using his contemporaneous notes and his decision.

---

[1] The Final Notice of Disciplinary Action (FNDA) was identical to the PNDA.

On appeal, appellant contends that the reconstructed record does not support a finding of any violations, and she did not wrongfully remove confidential documents from MCCI.

We have "a limited role in reviewing a decision of a state administrative agency." Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980). We will sustain the decision of an administrative agency "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)). We are mindful we "'must defer to an agency's expertise and superior knowledge of a particular field.'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). Although we are not required to follow an "'agency's interpretation of a statute or its determination of a strictly legal issue,' if substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result. . . .'" Ibid. (internal citations omitted).

We are satisfied the record, including appellant's own statement and the videotape footage, contains ample evidence to support the CSC's decision. MCSO's Department of Corrections Rules and Regulations 4.30.020 states:

> All records, files, testimonies and commitments in this Division shall be regarded as confidential. No member, except with the consent of the Sheriff, or the Warden shall take any records, files, or testimonies from the facility under the control of the Division.

Appellant's clandestine actions in taking the logbook, concealing it under her clothing, and making copies behind closed doors are a clear violation of the regulation. Moreover, in hiding the logbook and the copies under her sweater, appellant demonstrated a knowledge of the wrongfulness of her actions. We are unpersuaded by appellant's argument that because she did not remove the confidential documents "from the facility," she did not violate the regulation.[2] Once she removed the logbook and copied pages from it, those pages were no longer "under the control of the Division." Furthermore, it is unknown whether appellant had additional copies of the pages, which she may have taken off MCCI grounds.

The additional charged violations of county rules and policies consisting of a failure to perform one's duties, actions threatening order or discrediting the department, and dishonest behavior are similarly supported by the record. Lastly, we discern no error in the finding of a violation of N.J.A.C. 4A:2-2.3(a)(6), conduct unbecoming a public employee.

---

[2] The copied pages were found in appellant's personal locker in the facility.

Because appellant has not demonstrated the CSC's decision is "arbitrary, capricious, or unreasonable, or that it lacks fair support in the record," Herrmann, 192 N.J. at 27-28 (citing Campbell, 39 N.J. at 562), we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION